# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-274-DF-CE |
| | § | |
| SONY COMPUTER ENTERTAINMENT AMERICA INC., ET AL. | § § § | |

## MEMORANDUM OPINION AND ORDER

**I.    Background**

Plaintiff Paltalk brought suit against defendants[1] in September of 2009. Defendants filed the present motion seeking a transfer to the Northern District of California in December of 2009. (Dkt. No. 64). Defendants seek transfer on the grounds that the Northern District of California would be clearly more convenient for all parties. Plaintiff opposes. For the reasons stated below, the Defendants' motion is DENIED.

**II.    Factual Summary**

Plaintiff recently litigated a suit involving the same patents and similar accused functionality in the Eastern District of Texas before the same district judge assigned to this case. *Paltalk Holdings, Inc. v. Microsoft Corp.*, 2:06-cv-367-DF (E.D. Tex.). The undersigned was responsible for certain motions referrals and the pre-admission of exhibits. *Id.*, Dkt. Nos. 117, 163, 206, 252, 275. Plaintiff has demonstrated the availability and convenience of this forum for many of the witnesses sought to be called by Defendants. This Court is highly familiar with the patents and

---

[1] Defendants include Sony Computer Entertainment America Inc, Sony Online Entertainment LLC, Sony Corporation, Sony Corporation of America, Activision Blizzard Ind., Blizzard Entertainment, Inc., NCSoft Corporation, Jagex LTD., and Turbine, Inc.

technology in question, having overseen the previous suit through trial of the Plaintiff's case in chief and a portion of the Defendant's case. And most of the documentary evidence within Plaintiff's control is in possession of Plaintiff's counsel in Texas. Nevertheless, the defendants urge that § 1404(a) requires transfer to the Northern District of California. The Court disagrees, for the reasons outlined below.

Defendant Sony Computer Entertainment America, Inc. (SCEA) is a Delaware corporation headquartered in the Northern District of California that also does business in the Eastern District of Texas. SCEA has extensive operations in Texas, including development and management in or near the Eastern District of Texas. Additionally, several former SCEA employees identified by Plaintiff as potential witnesses live in or near the Eastern District of Texas.

Defendant Sony Online Entertainment LLC (SOE) is a Delaware limited liability corporation with its principal place of business outside of either the Eastern District of Texas or the Northern District of California. SOE operates a development studio in Texas where it employs personnel who were key in the development and maintenance of one of the accused products. Many additional SOE employees familiar in the technologies accused in this case also reside in Texas. Defendants have not identified a single SOE witness or source of documentary evidence in the proposed transferee forum.

Defendant Sony Corporation of America ("SCA") is a New York corporation with a principal place of business in New York. SCA presented no evidence that it had any tie to the Northern District of California or that it had any witness or source of documentary evidence in the Northern District of California. Plaintiff produced evidence of multiple SCA witnesses potentially relevant

to the issue of willfulness residing outside of the transferee venue and situated such that the Eastern District of Texas requires less total travel than the transferee venue.

Defendant Sony Corporation ("Sony") is a Japanese corporation with a principal place of business in Japan. Sony presented no evidence of any witness or source of documentary evidence in the Northern District of California. Plaintiff produced evidence that Sony operations in Texas are responsible for developing many key aspects of the computer technology underlying some of the accused products.

Defendant Activision Blizzard, Inc. ("Activision") is a Delaware corporation with its principal place of business in Santa Monica, California. Santa Monica is outside of the Northern District of California. Activision has identified no offices in the Northern District of California and can point to no party witnesses or sources of documentary evidence in the Northern District of California. Activision maintains significant offices in Dallas, which is adjacent to the Eastern District of Texas, and in Frisco, which is in the Eastern District of Texas. These offices house senior personnel tasked with Activision's sales, strategy, and business planning functions. Activision also maintains a development studio in Austin where personnel likely to have knowledge of the accused products work. The facilities Plaintiff and Activision have identified as likely sources of proof that are not in the Central District of California or Texas are in New York and Ireland, significantly closer to the Eastern District of Texas than to the Northern District of California.

Defendant Blizzard Entertainment, Inc. ("Blizzard") is a Delaware corporation with its principal place of business in Santa Monica, California. Blizzard makes no claim to ties to the Northern District of California but does operate servers for its accused products in the Eastern District of Texas. While Blizzard claims to have no substantial ties to Texas relating to the accused

products, Plaintiff has produced evidence that some employees responsible for Blizzard's accused products reside in Texas.

NCSoft Corporation ("NCSoft") is a Republic of Korea corporation and maintains a substantial office in Austin, Texas, responsible for its U.S. marketing, publishing, and media. NCSoft has affiliates with offices in the Northern District of California, but contends that any and all witnesses or sources of documentary evidence are in Bellevue, Washington. Plaintiff has produced evidence that several NCSoft personnel likely to have knowledge relating to the accused products reside in Texas.

Turbine, Inc. ("Turbine") is a Delaware corporation with its principal place of business in Massachusetts. Turbine has an office in the Northern District of California, but states that all of its relevant witnesses or sources of documentary evidence are in Massachusetts.

Jagex Ltd. ("Jagex") is a United Kingdom corporation with its principal place of business in the United Kingdom. Jagex claims that the only proper venue for a suit against it in the United States would be Nevada because that is the only state where Jagex maintains servers. However, Plaintiff produced evidence that Jagex maintains, or, at one point during the alleged infringement, maintained servers in, or otherwise directed its allegedly infringing activity towards, Texas. No party has produced evidence that the Northern District of California would have jurisdiction over Jagex. Jagex did not join this motion, but did not oppose it.

Additionally, Plaintiff has sought discovery from Defendants regarding the location of likely witnesses or documentary evidence. Defendants SCEA, SOE, SCA, Sony, Activision, Blizzard, Ncsoft, and Turbine, who brought this motion, have failed to provide Plaintiff with meaningful

4

discovery related to the locations of their witnesses or evidence.[2] As a result, Plaintiff was forced to use publicly available information from sites such as LinkedIn to gather information about where potential witnesses or sources of documentary evidence may reside.

### III. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying *Volkswagen II* to rulings on transfer motions out of this circuit). The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the party seeking a transfer must show good cause why a court should not defer to the

---

[2] Plaintiff raised its lack of access to discovery in both its response and surreply, and Defendants failed to respond. Defendants did not make their FRCP 26(a)(1) initial disclosures until three months after the close of briefing on the present motion. In the absence of supplemental briefing, the Court is proceeding on the basis of the venue briefing record alone.

plaintiff's choice of forum. *Id.* at 315. Under the good cause standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected." *Id.*

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those used for forum non conveniens dismissals, which include both public and private interest factors. *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## IV. Analysis

The Defendants failed to meet the threshold required for applying the *Volkswagen* standard. As such, the motion is procedurally defective. Alternatively, even if Defendants had met that threshold requirement, they have failed to demonstrate that the Northern District of California is a clearly more convenient venue for this action.

### A. Threshold Requirement

Although the non-Jagex Defendants claim that the threshold question of proper venue in the Northern District of California has been conceded by Plaintiff, it has not been conceded by Jagex. As a threshold requirement, the party moving for transfer must establish that jurisdiction would have been proper in the proposed transferee venue before the relative convenience of the Plaintiff's chosen venue and the proposed transferee venue can be considered. *Volkswagen I*, 371 F.3d at 203. Although Plaintiff contends that it would have jurisdiction over Jagex in either the Eastern District of Texas or the Northern District of California, Jagex contends that personal jurisdiction would be proper only in Nevada. Jagex argues that, because it maintains servers in Nevada and not in Texas that it only directs activity towards Nevada. There is no evidence before the Court that any infringing activity occurs in California. The Court cannot simply assume that the evidence produced in response to Jagex's motion to dismiss for lack of personal jurisdiction in Texas would also apply in California. As such, the defendants have not shown that the case might have been brought in the Northern District of California.

### B. 1404(a) Analysis

Assuming, *arguendo*, that Defendants had satisfied their threshold burden and established that the Northern District of California would have jurisdiction over the present action, Defendants have failed to show that the Northern District of California would be clearly more convenient than the Eastern District of Texas.

1. **Private Interest Factors**

    a. **Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses**

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

Defendants purport to have a total of three party witnesses within the Northern District of California. Defendants claim that these three witnesses work in sales, finance, and/or marketing of PS3, PSP, and/or PSN products. Beyond that, Defendants appeal generally to party witnesses in other districts who will have to travel hundreds of miles to either the Northern District of California or the Eastern District of Texas.

Defendants also argue that the Northern District of California is the center of the online gaming industry. However, Defendants have named just one potential prior art reference from the Northern District of California while, at the same time, urging that much of their own activity is concentrated in the Southern or Central Districts of California or thousands of miles away. Additionally, even without discovery Plaintiff uncovered substantial technical investment by several

Defendants in the Dallas and Austin areas related to the accused products. Once subject to discovery, these facilities are likely to yield witnesses with relevant, material knowledge.

Finally, Defendants argued for transfer on the grounds that Plaintiff's predecessor in interest, MPath/HearMe, was formed and resided in the Northern District of California. Defendants assumed that the witnesses with relevant knowledge had remained in the Northern District of California, but Plaintiff produced evidence that since Paltalk acquired the patents in 2002 and MPath/HearMe dissolved that many of the relevant witnesses left the Northern District and moved to locations closer to the Eastern District of Texas. Although the inventors and one of the prosecuting attorneys still reside in the Northern District of California, the remaining prosecuting attorneys reside in Washington state or in Washington, D.C.

Against this backdrop, with no identified potential witnesses within 100 miles of the original venue and multiple identified potential witnesses within 100 miles of the proposed transferee venue, the Court finds that this factor weighs in favor of transfer.

### b.     The Availability and Location of Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.*

Plaintiff, having recently litigated a suit involving the same two patents against similar accused products in the present venue, has already collected a large body of evidence, relocating it from around the country and organizing it at its counsel's offices in Texas. This evidence was relocated to the forum state in good faith rather than in an attempt to manipulate venue rules. *C.f.*

9

*In re Hoffman la Roche*, 587 F.3d 1333, 1337 (Fed. Cir. 2009) (overruling a district court's denial of transfer where the plaintiff moved 75,000 pages of documents to counsels' office in original forum). Any remaining evidence in Plaintiff's possession would most likely be located at Plaintiff's New York office.

Defendants SCEA and Turbine have offices in the Northern District of California, though only SCEA claims to have relevant documentary evidence within the proposed transferee district. The remaining defendants are scattered, with several headquartered in southern California, others in New York, Massachusetts, and overseas. Several of Defendants are large corporations with offices in or near the Eastern District of Texas that are also likely to contain relevant evidence.

Taken together, the concentration of Plaintiff's evidence in or near the Eastern District of Texas and the distribution of the remaining evidence around the country and around the world weigh against transfer.

        c.      **The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness' attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. Defendants have raised the concern that the inventors, among others, could not be compelled to appear in the Eastern District of Texas. While this is the case, the inventors appeared without subpoena in Plaintiff's prior litigation in this Court less than two years ago. Defendants argue that the willingness of such witnesses to appear in prior proceedings is no guaranty that they will be similarly willing to appear in this case, and this is true.

However, the willingness of witnesses to appear before the Court in the past makes the necessity of compulsory process less likely and thus less important. While Plaintiff has also identified several potential third party witnesses subject to subpoena in the Eastern District of Texas but not the Northern District of California, the witnesses identified by Defendants in the Northern District of California appear more likely to provide relevant, material information. Accordingly, the Court finds this factor weighs slightly in favor of transfer.

### d. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

### 2. Public Interest Factors

### a. The Administrative Difficulties Caused by Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved is a factor." *In re Genentech*, 566 F.3d at 1347. Of the factors weighed to determine whether transfer would be proper, court congestion is the most speculative. *Id.* Defendants contend that court congestion is neutral while Plaintiff contends that court congestion weighs against transfer. Both Plaintiff and Defendants cited caseload statistics showing that cases filed in the Eastern District of Texas reach trial between six months and one year faster than cases filed in the Northern District of California. Because, on average, cases brought in the present venue reach trial within a year of

when cases brought in the proposed transferee venue reach trial, the Court finds that court the congestion factor is neutral.

### b. The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Defendants argue that the Eastern District of Texas has no connection to this lawsuit while the Northern District of California is where the technology was developed and where one defendant is located. Plaintiff counters that Defendants have offices and other facilities in or near the Eastern District of Texas. Although this is true, one of the parties and several interested non-parties are located in the proposed transferee venue. Accordingly, the Court finds that the local interest of the Northern District of California is more compelling than the local interest of the Eastern District of Texas, and this factor weighs in favor of transfer.

### c. The Familiarity of the Forum with the Law that will Govern the Case

Both Plaintiff and Defendants concede that this factor is neutral.

### d. The Avoidance of Unnecessary Problems in Conflict of Laws

Both Plaintiff and Defendants agree that this factor is inapplicable to this case.

### e. Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *Volkswagen II*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its

claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted); *see also In Re Volkswagen*, 566 F.3d 1349 (Fed. Cir. 2009) (finding that "judicial economy is served by having the same district court try the cases involving the same patents"). This Court previously adjudicated a lawsuit involving the same patents with the same plaintiff. *See PalTalk Holdings, Inc. v. Microsoft Corporation*, 2:06-cv-274 (E.D. Tex.). In that prior case, this Court construed ten patent terms, decided three motions for summary judgment as well as motions in limine and *Daubert* motions prior to trial. This Court heard four days of testimony, including the entirety of Plaintiff's case in chief.

Defendants contend that a prior case involving one of the patents in suit, *MPath Interactive v. Lipstream* in the Northern District of California, renders the judicial economy factor neutral. *See* 3:99-cv-4506-WHA (N.D. Cal.). The Court rejects that argument. *MPath Interactive v. Lipstream* settled following claim construction less than one year after filing, nearly ten years ago. *Id.* Judge Alsup never considered a fully briefed dispositive motion and was in the process of resolving discovery disputes between the parties when they settled. *Id.* This Court's experience with the patents in suit is far more extensive and far more recent than Judge Alsup's, and because of that this Court can resolve the present action more economically than Judge Alsup.

Although this Court has the greatest respect for Judge Alsup and the Northern District of California, this Court's extensive and recent experience with both of the patents in suit weighs

13

overwhelmingly against transfer on the basis of judicial economy. In a case such as this, where a court has recent, extensive experience with the patents and technology in suit, the judicial economy factor can be dispositive. *See In re Volkswagen*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

## V.     Conclusion

For the reasons stated above, Defendants have failed to satisfy their burden of showing that venue would be proper in the Northern District of California and, if it were, that a transfer would be clearly more convenient in this case. The Court finds that the competing factors weigh against transfer. Accordingly, the Court DENIES Defendants' motion.

SIGNED this 3rd day of September, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE