UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC. | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-274-DF-CE |
| | § | |
| SONY COMPUTER ENTERTAINMENT | § | |
| AMERICA INC., ET AL. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-titled and numbered civil action was referred to United States Magistrate Judge Chad Everingham pursuant to 28 U.S.C. § 636. The report of the Magistrate Judge (Dkt. No. 171), which contains his recommendation that the court deny Defendants' motion to dismiss for failure to state a claim (Dkt. No. 54), has been presented for consideration.

Defendants filed an objection to Judge Everingham's report and recommendation (Dkt. No. 179). Defendants argue that portions of the complaint cited by Judge Everingham's report do not contain allegations about the Defendants or their activities and that Judge Everingham's report fails to consider a non-precedential Federal Circuit opinion that issued the day before the report.

The portions of the complaint cited in the report, specifically paragraphs 15, 17, and 18, allege the necessary elements of an infringing system. The complaint then alleges that each of defendants infringes and specifies which products or services infringe. For each defendant, the complaint names the games or services that operate on the host machines and perform the functions Defendants allege constitute divided infringement. The complaint ties the cited description of infringing activity to the allegations of infringement against each defendant and, when read in the light most favorable to Plaintiff, alleges direct infringement by each defendant. Accordingly,

Defendants' first argument objecting to Judge Everingham's Report and Recommendation is OVERRULED.

Defendants also argue that the court should decline to adopt Judge Everingham's report over *Desenberg v. Google, Inc*. No. 2010-1212, 2010 WL 3452493 (Fed. Cir. Aug. 31, 2010). In *Desenberg*, the Federal Circuit affirmed dismissal of a patent infringement action where the asserted claims could not be practiced by a single party. Defendants argue that this court should follow *Desenberg* and dismiss Plaintiff's infringement claims under U.S. Patent 5,822,523 ("the '523 patent"). Defendants either read *Desenberg* too broadly or wrongly assume that the asserted claims of the '523 patent cannot be practiced by a single party. *Desenberg* turned on a claim amendment made at the request of the examiner as a condition of patentability. 2010 WL 3452493 at *2. That claim amendment explicitly required a service to be provided by someone other than the defendant, while the complaint alleged that the defendant performed all the steps by itself. *Id.* In the claims of the '523 patent, a server computer and a plurality of host computers are required, but there is no requirement in the claims that the computers be owned or controlled by separate entities. Unlike in *Desenberg*, it is possible for a single entity to perform all steps of the asserted method claim and Plaintiff has alleged that Defendants perform all steps without an outside party. Accordingly, Defendants' second argument objecting to Judge Everingham's Report and Recommendation is OVERRULED.

The court is of the opinion that the conclusions of the Magistrate Judge are correct. Therefore, the court adopts, in its entirety, the report of the United States Magistrate Judge as the conclusions of this court. Accordingly, the defendant's motion to dismiss is DENIED.

**SIGNED this 27th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE